**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

OPEOLUWA JOHN PONNLE;
3408 Hampton Ridge Drive, Apt. 10
Rockford, IL 61109

Plaintiff(s)

v.

ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;
UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;
2707 Martin Luther King Jr. Ave, SE
Washington, DC 20528-0485

MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Defendant(s).

Civil Action No 1:22-cv-1768

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Brian Kholodovsky, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: brian@jeelani-law.com.

## INTRODUCTION

COMES NOW OPEOLUWA JOHN PONNLE (hereinafter "Plaintiff PONNLE") the Plaintiff, by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff PONNLE is a Nigerian national. On January 10, 2020, Plaintiff filed Form I-485, Application to Register Permanent Residence or Adjust Status ("Application") with the United States Citizenship and Immigrations Service ("USCIS").

2. Plaintiff PONNLE is the beneficiary of an approved Form I-140, Petition for Alien Worker. Plaintiff PONNLE is eligible to apply for adjustment of status.

3. Plaintiff PONNLE timely filed and paid the required government fees for his Form I-485, Application. Despite Plaintiff PONNLE being eligible for adjustment of status for over 29 months, Defendants have yet to complete adjudication on Plaintiff's Application.

4. This action is brought as a result of Defendants' failure to adjudicate Plaintiff PONNLE's Form I-485, Application to Adjust Status, within a reasonable period of time. The Application has been in pending status for a period of over 29 months without adjudication. The Plaintiff has a clear right to adjudication of the Application in a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5. The delay in making a decision on Plaintiff's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

6. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2020 of 8.8 months for the adjudication of Form I-485, for employment- based

adjustment applications. Plaintiffs' Form I-485 has been pending for over 29 months, which is almost three and a half times the average processing time as reported by USCIS.[1]

7. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

8. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

9. Plaintiff PONNLE is a resident of Winnebago County, Illinois, and a citizen of Nigeria. He is the beneficiary of an approved Form I-140, Petition for Alien Worker, filed by his employer, APERION CARE OAK LAWN. The approved Form I-140 allows beneficiary qualification for Plaintiff PONNLE to adjust his status to a permanent resident of the United States. Plaintiff PONNLE is also the applicant of a Form I-485, Application for Adjustment of Status.

10. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

---

[1] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

11. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

12. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

13. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

14. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

**EXHAUSTION OF REMEDIES**

15. The Plaintiff has repeatedly requested the Defendants to make a final decision on the Application. Further, Plaintiff has initiated numerous inquiries with USCIS, directly and through his Congressman's Office, without receiving any meaningful response.

16. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of the Application.

17. There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

18. On April 6, 2020, Plaintiff PONNLE became the beneficiary of an approved Form I-140, filed by his employer, APERION CARE OAK LAWN, which filed, and paid the required government fees for Form I-140, Petition for Alien Worker, naming, Plaintiff PONNLE as the beneficiary (Receipt# LIN1990647187) with USCIS. **[EXHIBIT A].**

19. On January 10, 2020, Plaintiff PONNLE filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt # MSC209-065-8498). **[EXHIBIT B].**

20. On February 25, 2022, Plaintiff PONNLE appeared for his scheduled biometrics collection appointment at USCIS. **[EXHIBIT C].**

21. On September 28, 2021, USCIS sent a request for Plaintiff PONNLE to appear for his initial interview. Plaintiff PONNLE was again scheduled for a second interview, scheduled for February 2, 2022, which he attended. **[EXHIBITS D and E, respectively]**.

22. Since the biometrics were completed and the initial examination of Plaintiff PONNLE, over eight months have passed for Plaintiff PONNLE without further progress on the adjudication of his Form I-485, and USCIS has made no further requests for evidence or information from the Plaintiff.

23. Plaintiff has made numerous inquiries directly with USCIS requesting adjudication of the Application. Furthermore, Plaintiff has made inquiries through his congressman's office without receiving any meaningful response as to the unreasonable delay.

24. The delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

25. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2020 of 8.8 months for the adjudication of Form I-485, for employment- based adjustment applications. Plaintiff's Form I-485 has been pending for over 29 months, which is almost three and a half times the average processing time as reported by USCIS.[2]

26. Defendants have failed to provide an adequate explanation which would merit the need for nearly 29 months of processing time.

27. Plaintiff have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been pending.

28. Plaintiff PONNLE has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

29. Moreover, Plaintiff has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

**COUNT I**

VIOLATION OF THE APA- FORM I-485

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Plaintiff PONNLE has a statutory right to apply for adjustment of status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

32. Defendants have a duty to adjudicate Plaintiff PONNLE's Application within a reasonable period of time under 5 U.S.C. §555(b).

33. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

[2] See USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

34. No other adequate remedy is available to Plaintiff.

35. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

36. Given the Defendants' lack of a reason for not making a decision on Plaintiffs' Applications for over 29 months, Plaintiff's Application has been pending for an unreasonably long period of time.

37. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

38. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's cases.

39. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which he is entitled.

40. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff has been unable to receive his permanent resident status and has lost time, which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's live is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: June 20, 2022

Respectfully submitted,

/s Brian Kholodovsky

**Brian Kholodovsky, Esq. (IL0111)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**brian@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax: (312) 767-9030**
***Counsel for Plaintiff***